**Verbin KEMP, Plaintiff–Appellant,**

v.

**A & J PRODUCE CORP.,
Defendants–Appellee.**

No. 03–7168.

United States Court of Appeals,
Second Circuit.

Dec. 7, 2005.

Michael C. Rakower, Law Office of Michael C. Rakower, New York, NY, for Appellant.

Scott M. Wich (Alfred T. DeMaria, of counsel), Clifton Budd & DeMaria, LLP, New York, NY, for Appellee.

---

PRESENT: ROGER J. MINER, JOSÉ A. CABRANES, Circuit Judges, and JOHN T. CURTIN, District Judge.*

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 7th day of December, two thousand and five.

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff Verbin Kemp appeals from a May 25, 2005 Corrected Memorandum and Order of the District Court,[1] granting defendant's motion for summary judgment and dismissing his claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1981, and various provisions of the New York State Human Rights Law and New York City Human Rights Law. Pursuant to a July 10, 2003 order of this Court, all issues raised by plaintiff on appeal were dismissed as frivolous *except for* two questions which we address here, namely (1) "whether the district court erred in granting summary judgment on appellant's hostile work environment claim, *see Raniola v. Bratton*, 243 F.3d 610, 623 (2d Cir.2001); and (2) whether the district court erred in granting summary judgment on appellant's claim that he was discharged in retaliation for complaining about appellee's treatment of African–American workers, *see Wim-*

---

* The Honorable John T. Curtin, Senior Judge, United States District Court for the Western District of New York, sitting by designation.

1. The original order of the District Court was dated January 21, 2003 and filed on January 22, 2003.

*mer v. Suffolk County Police Dep't.*, 176 F.3d 125, 136 (2d Cir.1999)."

We review a district court's grant of summary judgment *de novo.* *Ford v. McGinnis,* 352 F.3d 582, 587 (2d Cir.2003). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft,* 336 F.3d 128, 137 (2d Cir.2003) (internal quotations omitted). However, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York,* 316 F.3d 93, 100 (2d Cir.2002).

To make out a successful Title VII hostile work environment claim, a plaintiff must demonstrate that the alleged harassment was "sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive work[ing] environment." *Meritor Sav. Bank FSB v. Vinson,* 477 U.S. 57, 67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (alteration in original; internal quotation marks omitted). To survive summary judgment, plaintiff must raise a genuine issue of material fact as to whether "a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of [his] working environment." *Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62, 69 (2d Cir.2000) (quoting *Cruz v. Coach Stores, Inc.,* 202 F.3d 560, 570 (2d Cir.2000)) (internal quotation marks omitted).

"[W]hether an environment is hostile or abusive can be determined only by looking at all the circumstances." *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 23, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993) (internal quotation marks omitted). A "mere utterance of an ... epithet which engenders offensive feelings in an employee does not sufficiently affect the conditions of employment to implicate Title VII." *Schwapp v. Town of Avon,* 118 F.3d 106, 110 (2d Cir. 1997) (internal quotation marks and citations omitted). "For racist comments, slurs, and jokes to constitute a hostile work environment, there must be more than a few isolated incidents of racial enmity, meaning that instead of sporadic racial slurs, *there must be a steady barrage of opprobrious racial comments.*" *Id.* (emphasis added; internal quotation marks and citations omitted). "Thus, whether racial slurs constitute a hostile work environment typically depends upon the quantity, frequency, and severity of those slurs, considered cumulatively in order to obtain a realistic view of the work environment." *Id.* at 110–11 (internal quotation marks and citations omitted).

Previous cases in which we have held that summary judgment on a hostile work environment claim was inappropriate involved much more severe, sustained, and specific instances of alleged discrimination. For example, in *Raniola v. Bratton,* 243 F.3d 610, 618–23 (2d Cir.2001), we vacated a district court's grant of summary judgment in a hostile work environment case because plaintiff had offered evidence of: (a) specific derogatory remarks that her supervisor targeted directly at her, (b) sexually demeaning posters having been placed through the workplace, (c) specific incidents of plaintiff's work having been sabotaged; (d) and a supervisor stating at an office roll call that if plaintiff "opens her mouth, I am going to put one in her fucking head." *Id.* at 619.

In *Whidbee v. Garzarelli Food Specialties, Inc.,* 223 F.3d 62 (2d Cir.2000)—another case in which we vacated a grant of summary judgment in a hostile environment case—plaintiffs presented a tape-recorded conversation in which a supervisor

declined to take any action upon being apprised of specific racist threats issued by a racist co-worker who had stated that he "still can't stand black folk", referred to a black employee as a "lazy black snake" and threatened to use "a rope in the back shed to hang" a black employee. *Id.* at 66–67. In fact, the supervisor told the plaintiffs that in his view "the white people should have stayed out of Africa and not brought the people over here, but we can't change that." *Id.* at 67. The supervisor then opined that the "whole thing is being blown out of proportion." *Id.*

In *Schwapp v. Town of Avon,* 118 F.3d 106, 108 (2d Cir.1997), we pointed to "[f]our central incidents" of racist joke-telling or other use of racial intimidation as evidence sufficient to defeat summary judgment. There, plaintiff's supervisor had advised him that he "had to understand that ... at one time all the crimes in Avon were committed by blacks and that, while [the supervisor] was aware of the racially-hostile situation, [plaintiff] had to accept the fact that he was working with racists and not be so sensitive." *Schwapp,* 118 F.3d at 112 (internal quotation marks omitted).

While in *Whidbee,* we cautioned that "the appalling conduct alleged in prior cases should not be taken to mark the boundary of what is actionable," *id.* at 70 (quoting *Richardson v. New York State Dep't of Corr. Serv.,* 180 F.3d 426, 439 (2d Cir.1999)) (internal quotation marks omitted), our preceding cases nonetheless provide useful guideposts in assessing the instant case. Indeed, past cases underscore that mere generalized allegations that racist remarks abound in the workplace will not provide a sufficient basis for proceeding to trial.

■ Because plaintiff's allegations are much less severe, specific, frequent and pointed that those recited in these three

hostile environment cases, we hold that the District Court did not err in dismissing plaintiff's Title VII hostile work environment claim.

Plaintiff's second claim on appeal, regarding his alleged retaliatory discharge, turns on our application of *Wimmer v. Suffolk County Police Dep't,* 176 F.3d 125 (2d Cir.1999). In *Wimmer,* we reiterated that "[t]o establish a prima facie case of retaliation, an employee must show [1] participation in a protected activity known to the defendant; [2] an employment action disadvantaging the plaintiff; and [3] a causal connection between the protected activity and the adverse employment action." *Wimmer,* 176 F.3d at 134 (quoting *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 769 (2d Cir.1998)) (internal quotation marks omitted). We further clarified that "[t]o establish the first of these elements—participation in a protected activity—[a plaintiff] need not prove that the conditions against which he protested actually amounted to a violation of Title VII ... [but rather] must demonstrate only that he had a 'good faith, reasonable belief that the underlying challenged actions of the employer violated the law.'" *Id.* (quoting *Manoharan v. Columbia Univ. College of Physicians & Surgeons,* 842 F.2d 590, 593 (2d Cir.1988)).

Following the framework laid forth in *McDonnell–Douglas Corporation v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), once the plaintiff has made out a prima facie case of retaliation, the defendant then has the burden of pointing to evidence that there was a legitimate, non-retaliatory reason for the challenged action. If the defendant meets that burden, the plaintiff must then demonstrate that there is sufficient evidence upon which a reasonable jury could find the proffered legitimate reason merely a pretext for im-

permissible retaliation. *Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir.1998).

 Even assuming *arguendo* that plaintiff made out a prima facie case of retaliation under Title VII, we hold that the District Court properly dismissed his claim on the ground that he failed to provide sufficient evidence refuting defendant's proffered legitimate explanation— namely, that plaintiff was terminated for insubordination rather than as punishment for having complained about the treatment of African–American workers. Although plaintiff relies heavily on the report of an independent arbitrator which concluded that plaintiff was not terminated "for cause," the arbitrator's report did not find that the reason given for plaintiff's termination was pretextual or untrue; indeed, the arbitrator confirmed that plaintiff had received several employee warnings in the past and that plaintiff's supervisor had felt threatened by plaintiff's tone and close proximity during their altercation on the evening prior to plaintiff's termination. Because plaintiff failed to raise a genuine issue of material fact as to whether defendant's proffered, non-retaliatory explanation for terminating plaintiff was pretextual, we hold that the District Court properly granted summary judgment.

\* \* \* \*

We have considered all of plaintiff's arguments and found each of them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.